**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CR-30046 |
| | ) | |
| RANDY BULL, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INFORMATION CHARGING PRIOR OFFENSE UNDER 21 U.S.C. § 851

The United States of America, by its attorneys, Gregory K. Harris, United States Attorney for the Central District of Illinois, and Tanner K. Jacobs, Assistant United States Attorney, respectfully files this response to the defendant's motion to dismiss the information charging prior offense under 21 U.S.C. § 851.

*Section 851 and Career Offender Enhancements*

The defendant objects to both his enhanced sentencing range under 21 U.S.C. §§ 841(b)(1)(A) and 851 and his classification as a career offender under §§ 4B1.1 and 4B1.2 of the advisory Sentencing Guidelines.

On May 10, 2023, the government filed an Information under 21 U.S.C. § 851, noting that the defendant had two prior convictions that

qualified as serious violent felonies, which enhanced the statutory sentencing range in case 20-CR-30046 from not less than 10 years and not more than life imprisonment to not less than 15 years and not more than life imprisonment. 21 U.S.C. § 841(b)(1)(A). These convictions further enhance the potential fine and the mandatory supervised release period. Moreover, the defendant's PSR also notes that because these two convictions also qualify as crimes of violence under USSG § 4B1.2, the defendant should be classified as a career offender under USSG § 4B1.1(b)(1). R. 59 at 8.

At issue are the defendant's Illinois convictions for Home Invasion under 720 ILCS 5/12-11(a)(2) in Madison County, Illinois, Case Number 2006-CF-85 and Conspiracy to Commit Murder under 720 ILCS 5/9-1(a)(1) and 720 ILCS 5/8-2(a) in Madison County, Illinois, Case Number 2003-CF-1237. These state convictions qualify as serious violent felonies for the purposes of the statutory sentencing enhancement under §§ 841(b)(1)(A) and 851 and as crimes of violence for the purposes of the career offender designation outlined in USSG §§ 4B1.1 and 4B1.2.

*1. Section 851 enhancement*

The government first addresses the propriety of the enhancement under §§ 841(b)(1)(A) and 851. To begin, the defendant, in both his motion to dismiss the information charging prior offense under 21 U.S.C. § 851 and his objections to the PSR, fails to cite the correct statutory authority as it relates to his challenge under 21 U.S.C. § 841. According to 21 U.S.C. § 802(58), a "serious violent felony" is defined as "(A) an offense described in section 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months; and (B) any offense that would be a felony violation of section 113 of Title 18, if the offense were committed in the special maritime and territorial jurisdiction of the United States, for which the offender served a term of imprisonment of more than 12 months."

Title 18, United States Code, Section 3559(c)(2)(F) in turn states that the term "serious violent felony" means—

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244(a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section

2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses; and

(ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense...

Under this definition, the defendant's prior convictions for Home Invasion and Conspiracy to Commit Murder both qualify as serious violent felonies.

First, the defendant's state conviction for Conspiracy to Commit Murder so qualifies. The defendant's failure to accurately cite to the correct statute undermines his argument to the contrary. As noted above, § 3559 has a list of enumerated federal and state offenses "by whatever designation and wherever committed" that include murder and conspiracy to commit the same. 18 U.S.C. § 3559(c)(2)(F)(i).

The categorical approach applies where, as here, a federal statute "enumerates" specific crimes that qualify for a sentencing enhancement. The categorical approach focuses solely on the elements of an offense, "while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). "'Elements' are the

constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Id.* (citation and quotation marks omitted). "At trial, they are what the jury must find beyond a reasonable doubt to convict a defendant, and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Id.* (citations omitted).

"Under the categorical approach, we determine whether the state conviction can serve as a predicate offense by comparing the elements of the state statute of conviction to the elements of the federal recidivism statute. 'A state crime may qualify as a predicate conviction only if the elements of the state crime mirror, or are narrower than, the elements of the generic crime.' 'If state law defines the offense more broadly than the [federal statute], the prior conviction doesn't qualify as a [predicate offense], even if the defendant's conduct satisfies all of the elements of the [federal] offense.'" *United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018)(acknowledging the use of the categorical approach as it relates to 21 U.S.C. § 802) quoting *Mathis*, 136 S.Ct. at 2252, *United States v. Zuniga Galeana*, 799 F.3d 801, 804 (7th Cir. 2015), and *United States v. Edwards*, 836 F.3d 831, 833 (7th Cir. 2016) (emphasis in original).

Commonly, however, a criminal statute is phrased alternatively or contains more than one set of elements, which triggers the concept of "divisibility." *Elder*, 900 F. 3d at 502. "The Supreme Court has explained that alternatively phrased statutes come in two types: (1) those that list alternative elements (thus defining more than one crime in a single statute) and (2) those that list alternative means of committing an element of a single crime." *Edwards*, 836 F. at 833. (emphasis omitted) (citing *Mathis*, 136 S. Ct. at 2249). The former is a "divisible" statute, whereas the latter is an "indivisible" one. Id.

To determine whether a state statute is divisible, courts look first to whether there is "a decision by the state supreme court authoritatively construing the relative statute" that establishes which facts are elements and which are means. *Edwards*, 836 F.3d at 836 (citing *Mathis*, 136 S. Ct. at 2256). If there is no controlling state court decision, "the text and structure of the statute may provide the answer." Id. (citing *Mathis*, 136 S. Ct. at 2256). For example, "[i]f statutory alternatives carry different punishments, then under" *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "they must be elements." *Mathis*, 136 S. Ct. at 2256. Finally, "sentencing courts may look to 'the record of a prior conviction itself' for the limited purpose of distinguishing between

elements and means." *Edwards*, 836 F.3d at 836 (quoting *Mathis*, 136 S. Ct. at 2256-57).

If the statute is divisible, the sentencing court must apply the "modified categorical approach" to "'determine what crime, with what elements, a defendant was convicted of' before counting the conviction as a [crime of violence] under the [Guidelines]." *Id.* (quoting *Mathis*, 136 S. Ct. at 2249). Under the modified categorical approach, the sentencing court is permitted to examine "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)" in order to identify the crime of conviction. *Mathis*, 136 S. Ct. at 2249, 2256; *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (providing examples of the documents a court may consult under the modified categorical approach). After the sentencing court identifies the crime of conviction, the court "can then do what the categorical approach demands: compare the elements of the crime of conviction . . . with the [definition of crime of violence]." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

Under this framework, the defendant's Illinois conviction for Conspiracy to Commit Murder qualifies as a violent felony under § 3559(c)(2)(F)(i). To reach this conclusion requires comparing the

defendant's state conviction to the federal statutes prohibiting Conspiracy to Commit Murder. The Illinois statutes prohibiting Conspiracy to Commit First Degree Murder under 720 ILCS 5/9-1(a)(1) and 5/8-2(a) provided, at the time of conviction:

> (a) A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:
>> (1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another

720 ILCS 5/9-1(a)(1).

Conspiracy was specifically defined as:

> (a) Elements of the offense. A person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit an offense unless an act in furtherance of such agreement is alleged and proved to have been committed by him or by a co-conspirator

720 ILCS 5/8-2(a).

That is a categorical match for the federal prohibition on Conspiracy to Commit Murder in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1111 (as cross-referenced in § 3559(c)(2)(F)(i)). *See* 18 U.S.C. § 1111 (defining murder as killing with malice aforethought); 7th Cir. Pattern Jury Instructions, 18 U.S.C. § 1111, "Definition of 'Malice Aforethought'" (including deliberate or intentional killings, or killings

"knowing that a serious risk of death or serious bodily harm would result"). There is no question based upon these statutes and definitions that the defendant's Illinois Conspiracy to Commit First Degree Murder conviction qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(i). Furthermore, Illinois Pattern Jury Instruction 7.01 defines first degree murder by following the statute, specifically breaking out commission of the act in the following manner, "[1] he intends to kill or do great bodily harm to that individual [or another]; [or] [2] he knows that such acts will cause death to that individual [or another]; [or] [3] he knows that such acts create a strong probability of death or great bodily harm to that individual [or another]; [or] [4] he [(is attempting to commit)(is committing)] the offense of _____." The committee note further sheds light on the specific definition of the crime as it relates to inchoate crimes like conspiracy noting, "When the prosecution is for an inchoate offense (i.e., attempt first degree murder, solicitation to commit first degree murder, conspiracy to commit first degree murder), do not give paragraphs [2], [3], or [4]." Illinois Pattern Jury Instructions, Criminal, Committee Note.

Moreover, it is not even clear that the elements of the statutes must be so strictly compared. *See, e.g., United States v. Johnson*, 915

F.3d 223 (4th Cir. 2019) *quoting United States v. Wicks*, 132 F.3d 383, 386–87 (7th Cir. 1997); see also *Langford v. United States*, 993 F.3d 633, (8th Cir. 2021)("To be a section 3559 enumerated offense, it is not necessary for "every detail of the federal offense, including its jurisdictional elements," to be "replicated in the state offense.") *United States v. Johnson*, 915 F.3d 223, 229 (4th Cir. 2019), quoting *United States v. Wicks*, 132 F.3d 383, 386–87 (7th Cir. 1997). Congress's use of "broad language" in section 3559(c)(2)(F)(i)—a "serious violent felony" includes "a Federal or State offense, by whatever designation and wherever committed"— was "no doubt meant to capture a wide variety of state and federal offenses." *Id.* But under either framework, Illinois Conspiracy to Commit Murder qualifies as serious violent felony.

The defendant's Home Invasion conviction qualifies as a "serious violent felony" under the elements clause of § 3559(c)(2)(F)(i), which includes any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another. § 3559(c)(2)(F)(ii).

While the defendant does not specifically mention the use of the modified categorical approach, or discuss whether the statute is

divisible, he ultimately confirms that it is by citing to the specific subsection at issue and arguing over whether or not that subsection, as opposed to the whole statute, is comparable for a crime of violence. The government agrees with the use of a modified categorical approach because the statute is indeed divisible, requiring the Court to focus solely on the subsection of the statue at issue.

With that resolved, the Court must now turn to whether that specific subsection "has an element the use, attempted use, or threatened use of physical force against the person of another."

The Supreme Court has interpreted the term "physical force" under 18 U.S.C. § 924(e)(2(B) (also known as the Armed Career Criminal Act (ACCA)), which has the exact same language as both § 3559(c)(2)(F)(ii) and § 4B1.1 (discussed further below), as "force exerted by and through concrete bodies" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 138-140 (2010). The Supreme Court also concluded, however, that *Johnson* "does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury, only potentiality." *Stokeling v. United States*, 139 S. Ct. 544, 554 (2019). The Court further explained "force as small as hitting, slapping, shoving,

grabbing, pinching, biting, and hair pulling" qualifies. *Id.* (quoting *United States v. Castleman*, 572 U.S. 157, 182 (2014) (Scalia, J., concurring)). "[C]onduct that leads to relatively minor forms of injury— such as 'a cut, abrasion, or bruise'—necessitates the use of force" under the elements clause. *Id.* (brackets omitted). Force that causes "minimal pain" is sufficient to qualify under the elements clause. *Id.* at 553.

Such offenses are "different in kind" from the "nominal contact that *Johnson* addressed." *Id.* at 553. In concluding that common law robbery qualifies as a predicate violent felony under the ACCA, the Supreme Court noted, "the common law...linked the terms 'violence' and 'force.' Overcoming a victim's resistance was per se violence against the victim, even if it ultimately caused minimal pain or injury." *Id.* at 553.

As the Seventh Circuit recently pointed out, "[t]his understanding . . . comported with *Curtis Johnson's* requirement that the force be 'capable of causing physical pain or injury,' since any overcoming of resistance inherently involves a 'physical contest' and 'it is the physical contest between the criminal and the victim that is itself 'capable of causing physical pain or injury.'" *Johnson v. United States*, 24 F.4th 1110, 1120 (7th Cir. 2022) (quoting both *Stokeling*, 139 S.Ct. at 553

and *Johnson*, 559 U.S. at 140, 130 S.Ct. 1265) (internal citations omitted). Ultimately, "after *Curtis Johnson*, any offense involving force 'capable of causing physical pain or injury' is sufficient to qualify as a violent felony under the ACCA. And, after *Stokeling*, an offense per se satisfies *Curtis Johnson*'s definition of force if it involves the offender overcoming the victim's resistance." *Id.* at 1120.

Based upon these parameters, Home Invasion qualifies as a crime of violence under § 3559(c)(2)(F)(ii). To begin we must examine the elements of the relevant subsection of Home Invasion, under 720 ILCS 5/12-11(a)(2). This crime has four elements:

1.  That the defendant was not a peace officer acting in the line of duty;

2.  That the defendant knowing and without authority entered the dwelling of another;

3.  That when the defendant entered the dwelling place he knew or had reason to know that one or more persons was present; and

4.  That the defendant intentionally caused injury to a person within the dwelling place.

"Injury" is defined in the Illinois Pattern Criminal Jury Instructions. In Illinois, the law requires that when a pattern jury instruction exists, the pattern jury instruction must be used. *People v. Simms*, 192 Ill. 2d 348, 412 (2000). The Illinois Supreme Court has described pattern instructions as "painstakingly drafted with the use of simple, brief and unslanted language so as to clearly and concisely state the law." *People v. Haywood*, 82 Ill. 2d 540, 545 (1980).

According to Illinois Pattern Criminal Jury Instruction 11.54, the definition of injury is found under Instruction 11.53B, which states that "[t]he term 'injury' in the definition of home invasion may include physical injury. It also includes psychological or emotional trauma if that trauma was the result of some physical contact." In other words, to be convicted of Home Invasion under (a)(2) there must be physical contact with an individual causing any one of those qualifying injuries.

Notably, every case that the defendant relies on for the proposition that "any injury" include "purely emotional, mental, or psychological injury or trauma" also demonstrates physical contact against the victim or another within the home.[1] In *People v. Erlich*, 519 N.E.2d 1137, 1071-

---

[1] *Cf. United States v. Rucker*, No. 15 C 50202, 2015 WL 9478216, at *2 (N.D. Ill. Dec. 29, 2015) (concluding that a violation of 5/12-11(a)(2) constituted a crime of violence under the elements clause of the Guidelines and noting that "although that subsection does not specifically use the word force, it does require

72 (Ill. App. 4th 1988), the district court specifically found, "in Mr. Ehrich's case, he did have his hands over this young girl's mouth and was restraining her in her own bedroom. I think that that would show a requisite contact and injury." In *People v. Dorsey*, 66 N.E.3d 914 (Ill. 4th App. 2016), the defendant had shoved the victim's 14-year-old daughter upon entering the house, and then had fought with police in the same room the victim and her daughters were in. *Id.* at 917 ("Nevertheless, he shoved one of the girls out of his way, fought with a police officer in the living room, broke the kitchen window while fighting with the officer, disarmed the officer, and shot a Taser into Trisha's living room wall."). And finally, in *People v. Hudson*, 886 N.E.2d 964 (Ill. 2008), the defendant "grabbed [the victim's] wrists and her face, and pushed her against the basement door. He said, 'Help me. I just got fucked.'...then grabbed the back of her hair and, with her hair wrapped around his hand, he began to pull her toward the back door." *Id.* at 966.

In each of the examples cited by the defendant, force was used to cause the injury, regardless of how limited that force may have been, falling directly in line with the mandate in *Stokeling*. *Stokeling* explained

_____

that the defendant intentionally causes any injury to any person in the dwelling which necessarily involves the use of force against that person" but not considering the psychological harm issue).

that force sufficient to overcome a victim's will in the context of common law robbery, even if little more than the potentiality to cause pain or injury, is enough to satisfy the ACCA's elements requirement. Under that framework, force sufficient to cause injury – including emotional trauma – to a victim in the context of Illinois's Home Invasion statute should likewise meet the elements clause outlined in 18 U.S.C. § 3559(c)(2)(F)(ii). The defendant's prior conviction for Home Invasion thus qualifies as a serious violent felony for the purpose of enhancing his statutory sentencing range under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 851.

*2. Career offender enhancement*

Under § 4B1.1, a person is a "career offender" if he was at least 18 years old at the time he committed the instant offense of conviction; the instant offense of conviction is a felony that is either a "crime of violence" or a "controlled substance offense"; and he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The term "crime of violence" is defined as follows in § 4B1.2:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

Application Note 1 adds: "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."

The categorical approach again applies in determining whether a prior offense qualifies as a "crime of violence" under the "elements clause" of § 4B1.2(a)(1) or the "enumerated clause" of § 4B1.2(a)(2).

For similar reasons to those described above, the defendant's Illinois convictions for Conspiracy to Commit Murder and Home Invasion also qualify as crimes of violence under the Guidelines.

The defendant's conviction for Conspiracy to Commit Murder qualifies as a crime of violence under § 4B1.1's enumerated offenses clause. "To determine whether an offense is a crime of violence under this clause, the court looks to whether the charged offense fits within the generic definition of one of the enumerated offenses." *United States v. Teague*, 884 F.3d 726, 729 (7th Cir. 2018). The Illinois murder statute at issue (720 ILCS 5/9-1(a)(1)) qualifies within that generic definition.

*United States v. Marrero*, 743 F.3d 389, 400-01 (3d Cir. 2014) (generic murder punishes the killing of another with general intent and felony murder); *United States v. Vederoff*, 914 F.3d 1238, 1246 (9th Cir. 2019); and United States v. Castro-Gomez, 792 F.3d 1216, 1217 (10th Cir. 2015); *see also* 18 U.S.C. § 1111 (defining murder as killing with malice aforethought); 7th Cir. Pattern Jury Instructions, 18 U.S.C. § 1111, "Definition of 'Malice Aforethought'" (including deliberate or intentional killings, or killings "knowing that a serious risk of death or serious bodily harm would result"). The Application Note specifically states that conspiracy for the enumerated offenses is included under the definition of a "crime of violence." Furthermore, the Seventh Circuit has similarly held that the application note is "authoritative" when determining what constitutes a crime of violence. *United States v. Lomax*, 51 F.4th 222, 229 (7th Cir. 2022); *see also United States v. Adams*, 934 F.3d 720, 729 (7th Cir. 2019).

The defendant's conviction for Home Invasion qualifies as a crime of violence under § 4B1.1's elements clause. The language of that clause is almost identical to the language of the elements clause in § 3559(c)(2)(F)(ii). The government thus incorporates its prior

discussion, *see supra*, pp. 7-16, to explain why Home Invasion also qualifies as a crime of violence.

Finally, even if this Court does not ultimately determine that the defendant qualifies as a career criminal under § 4B1.1 the Court should still use the facts of those convictions to vary upwards. *See, e.g., United States v. Carter*, 961 F.3d 953, 959 (7th Cir. 2020)("But given the facts known about Carter's aggravated assault conviction, or for that matter his domestic abuse conviction, a judge could sensibly ask why the abstract and hypothetical classifications based on other ways that other defendants might violate the same statute should be deemed important in deciding an appropriate sentence in the particular defendant's case." Citing with approval *United States v. Sonnenberg*, 628 F.3d 361, 367–68 (7th Cir. 2010) (reversing sentence based on error in classifying defendant's prior sexual abuse conviction, but noting that district court would be free on remand to consider the facts of defendant's actual conduct in exercising its sentencing discretion).

Respectfully submitted,

GREGORY K. HARRIS
UNITED STATES ATTORNEY

*/s/ Tanner K. Jacobs*
Tanner K. Jacobs, PA Bar No. 319265
Assistant United States Attorney
United States Attorney's Office
318 S. Sixth Street
Springfield, IL 62701
Phone: 217-492-4450
Email: Tanner.Jacobs@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 20, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record.

*/s/ Tanner K. Jacobs*
Tanner K. Jacobs
Assistant United States Attorney
